**AMERICAN POSTAL WORKERS UN-ION, San Francisco Local; American Postal Workers Union, AFL–CIO Plaintiffs—Appellants,**

v.

**UNITED STATES POSTAL SERVICE Defendant—Appellee.**

**No. 00–16054.**
**D.C. CV–00–00880–SBA.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 10, 2001.*

Decided May 15, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN and W. FLETCHER, Circuit Judges, and KELLEHER, District Judge.**

MEMORANDUM ***

The American Postal Workers Union, San Francisco Local, and the American Postal Workers Union, AFL–CIO (collectively, the "Union"), appeal the District Court's denial of their motion for a preliminary injunction against the United States Postal Service ("Service"). The Union alleged that the Service's plan to transfer priority mail operations for the San Francisco area to the San Francisco Processing and Distributing Center ("P&DC") would jeopardize the health and safety of P&DC workers in violation of the parties' collective bargaining agreement ("CBA"). The Union sought to enjoin the transfer of certain equipment to the P&DC pending mandatory arbitration of their workplace safety grievance. The facts and prior proceedings are known to the parties; they are not restated herein except as necessary.

■ The Norris–LaGuardia Act limits the jurisdiction of federal courts to issue injunctive relief in cases involving labor disputes. *See* 29 U.S.C. § 104; *Boys Markets, Inc. v. Retail Clerks Union, Local 770,* 398 U.S. 235, 251, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970). The Norris–LaGuardia Act thus evidences congressional policy favoring "voluntary settlement of labor disputes" through arbitration. *See id.* at 252 (citing cases). Nevertheless, the Supreme Court has recognized an exception to this general prohibition against issuance of injunctive relief in cases involving labor disputes: Courts are permitted to enjoin conduct that "would interfere with and frustrate the arbitral process." *Buffalo Forge Co. v. United Steelworkers of America, AFL–CIO,* 428 U.S. 397, 407, 96 S.Ct. 3141, 49 L.Ed.2d 1022 (1976).

■ We have explained that, under *Boys Markets* and *Buffalo Forge,* a union may be entitled to a status quo injunction pending arbitration

> only if any arbitral award in favor of the union would substantially fail to undo the harm occasioned by the lack of a

---

** The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

status quo injunction.... The arbitral process is not rendered "meaningless," however, by the inability of an arbitrator to completely restore the status quo ante or by the existence of some interim damage that is irremediable.... By requiring more than a minimal showing of injury for the issuance of an injunction, the standard also guards against undue judicial interference with the employer's ability to make business decisions.

*Newspaper & Periodical Drivers' & Helpers' Union, Local 921 v. San Francisco Newspaper Agency*, 89 F.3d 629, 634 (9th Cir.1996) (citing *Niagara Hooker Emp. Union v. Occidental Chem. Corp.*, 935 F.2d 1370, 1374 (2d Cir.1991)). As a number of courts have recognized, the "frustration of arbitration" requirement for a status quo injunction under *Boys Markets* and *Buffalo Forge* is identical to the usual requirement of demonstrating irreparable harm. *See, e.g., Local Lodge No. 1266 v. Panoramic Corp.*, 668 F.2d 276, 286 (7th Cir. 1981) ("Thus, we follow what we understand to be the practice of most courts and focus into a single concept the twin ideas of irreparable injury and frustration of arbitration.")

■ The Union failed to meet its burden of establishing irreparable harm. In its motion for a preliminary injunction, the Union expressly stated that its request for the injunction would be "based on this Notice of Motion and Motion, the Memorandum of Points and Authorities," and attached declarations. At no time did it formally move for an evidentiary hearing. Instead, the Union submitted a number of declarations from P&DC workers attesting to the overcrowded conditions at the facility and also submitted the declaration of a fire safety expert, who opined that the P&DC was not in compliance with minimum safety standards. The Service submitted contrary declarations attesting to the safe conditions of the facility. Based on the parties' opposing declarations, the district court ruled that the Union failed to establish that it faced irreparable harm and denied the Union's motion for a preliminary injunction. This was not error. In the absence of an evidentiary hearing, the district court simply had no grounds for resolving the conflicts contained in the opposing declarations in favor of the Union.

AFFIRMED.